**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

KENNETH BINGHAM,

            Plaintiff,

vs.                                  **16 cv 6829 (EAW)**

J. RYNKEWICZ, CORRECTIONAL OFFICER,

            Defendant.

-----------------------------------------------------------x

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO**
**DEFENDANT'S MOTION TO DISMISS PURSUANT**
**TO F.R.CIV.P. 12(7)**

By and through counsel, putative plaintiff [Estate of Kenneth Bingham] submit the following opposition to defendant's motion to dismiss.

**STATEMENT OF FACTS**

As set forth in his Complaint, at all times relevant hereto, plaintiff, Kenneth Bingham, was incarcerated in the Regional Medical Unit at the Wende Correctional Facility. At all times relevant hereto, defendant, J. Rynkewicz, was employed by the State of New York as a correctional officer at the Wende Correctional Facility and acting under color of state law. [1]

As defendant allegedly engaged in the use of excessive force which constitutes cruel and unusual punishment and did so in this judicial district and without due process of law, this Honorable Court has jurisdiction over this action

---

[1] The State of New York declined to provide this defendant representation through the Attorney General's Office, but defendant makes no claim or admission that he acted other than under color of state law.

pursuant to 28 U.S.C. secs. 1331, 1343 (3) & (4) and 42 U.S.C. secs. 1983 and 1988.

Following the event in question, plaintiff timely filed a grievance against the offending defendant. Following the event in question, the defendant filed disciplinary charges against plaintiff. The disciplinary charges against plaintiff were eventually dismissed as unfounded and his employer, DOCSS lodged disciplinary charges against defendant for the actions complained of herein.

Before the August 13, 2016 events, plaintiff was a paraplegic and permanently wheel-chair bound. On August 13, 2016, at approximately 7:30 a.m., without provocation, defendant struck plaintiff from behind, allegedly punching him more than twenty times to the back of his head, neck, and the left side of his face, causing him to bleed profusely and to fall out of his wheelchair. According to the Complaint, defendant punched plaintiff's head and face with such force as to cause multiple fractures, specifically of the orbital wall and floor of plaintiff's left eye and other specified skull and facial bones. While striking plaintiff repeatedly, defendant exclaimed that "I'm going to kill you, mother fucker."

The recounted physical assault caused extensive edema and hemorrhaging, as well as fractures to numerous bones. As a direct result of this physical attack, plaintiff fell out of his wheelchair and broke his anterior left third rib.

According to the Complaint, defendant's malicious and wanton conduct, as outlined above, caused plaintiff severe and longstanding physical injuries, including double and reduced vision and nerve damage to his face.  Defendant's malicious and wanton attack also caused plaintiff severe pain and emotional anguish and required plaintiff to undergo several surgical procedures and to take pain medication for months.

Plaintiff continued with ongoing medical treatments arising from this assault until the time of his death, late in 2017.

Following this malicious and wanton assault, defendant allegedly fabricated official reports, claiming that plaintiff had spit at him and attempted to hit him. The complaint alleges that these claims were baseless, a dishonest attempt to provide cover for the vicious and inhumane attack by defendant upon plaintiff. On the basis of these reports, plaintiff was sanctioned and isolated in inferior conditions between the date of this event and his release from the facility.

Based upon these baseless claims and the false testimony defendant provided in support thereof, plaintiff was assigned to SHU for 270 days. Upon appeal, the disciplinary charges against plaintiff were dismissed and this punishment erased from his record.

The Complaint alleges that by engaging in excessive force as described above, defendant Rynkewicz violated the 8th and 14th Amendments to the United

States Constitution as made actionable in this court by 42 U.S.C. section 1983 and

that, by knowingly and intentionally writing and submitting false disciplinary

reports, baselessly charging plaintiff with misconduct, including insubordination

and so testifying at internal departmental hearings, defendant Rynkewicz violated

plaintiff's right to due process of law as provided by the 14th Amendment to the

United States Constitution, as made actionable in this Court by 42 U.S.C. section

1983.

As noted, defendant's employer brought him up on disciplinary charges and

an arbitrator exonerated defendant.  Plaintiff was not a party to that proceeding.

Plaintiff was NOT represented by counsel in that proceeding.  A para-legal who

works for the law firm representing plaintiff attended the proceeding as an

observer. [2]

## **LEGAL ARGUMENT**

Defendant's motion to dismiss should be denied.

Defendant's remedy for the concern set forth in his motion is to implead

one or more third party defendant pursuant to F.R.Civ. P. 14.  This rule allows

a defending party, as a third party plaintiff, to serve a summons and complaint

upon a non-party who, in its view, is or may be liable to it for all or part of the

claim against it.  F.R.Civ.P. 14 (a)(1).  If any defendant believes that others

---

[2]  Mr. Garczynski did not represent himself at the disciplinary proceeding as an attorney, is not an attorney and was primarily present to provide logistical assistance to the plaintiff and to otherwise observe the proceedings.

share responsibility for the injuries inflicted upon plaintiff, the remedy is not dismissal, but impleading any such persons.  Likewise, here, to the extent Rynkewicz believes that persons other than himself caused or contributed to Bingham's injuries, he may implead them and attempt to shift responsibility to them.

In the instant case, plaintiff grieved the conduct of this defendant.  After investigation, DOCSS brought charges against this defendant and no other for his brutal assault upon the late plaintiff, Kenneth Bingham.  That assault left plaintiff with severely limited vision in one eye.

The court cannot now resolve whether defendant so actedand the findings made by an arbitrator in a proceeding where plaintiff was not a party have no preclusive effect.  Nor does defendant suggest to the contrary.

Finally, Rule 19 applies where, by failing to sue a defendant, plaintiff deprives **that party** of potential rights/benefits.  This is plainly not such an instance.  No person here is indispensable for complete relief because, according to plaintiff's Complaint, defendant Rynkeiwcz caused the injuries of which he complains.  Defendant is not at any risk beyond that caused by his deeds.  He is certainly not susceptible to incurring inconsistent obligations: a jury will find he either did or did not violate plaintiff's rights and, if so, assess the sum required for proper compensation to his estate.

We next review the case law defendant seeks to mis-apply in this matter: in <u>TMT Co.Ltd. v. JP Morgan Chase Bank</u>, 2018 WL 1779378, the district court

5

denied defendant's Rule 12(b)(7) motion. The Court explained: "Under Rule 12 (b)( 7), courts are required to dismiss an action for failure to join a party under Rule 19. Fed. R. Civ. P. 12 (b) (7); see *Federal Ins. Co. v. SafeNet, Inc.,* 758 F. Supp. 2d 251, 257 (S.D.N.Y. 2010). Courts considering a Rule 12 (b) (7) motion must look to Rule 19, which sets forth a "two-part test for determining whether the court must dismiss an action for failure to join an indispensable party." *Federal Ins.,* 7 58 F. Supp. 2d at 257 (citing *Viacom Int' 1, Inc. v. Kearney,* 212 F.3d 721, 724 (2d Cir. 2000)). "First, the court must determine whether an absent party belongs in the suit, i.e., whether the party qualifies as a 'necessary' party under Rule 19(a). *Viacom,* 212 F.3d at 724 (citing *Provident Tradesmens Bank & Trust Co. v. Patterson,* 390 U.S. 102, 124 (1968)).

Rule 19(a) provides that an absent party is necessary where: (1) in the person's absence, complete relief cannot be accorded among existing parties, or (2) the person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may (A) as a practical matter impair or impede the person's ability to protect that interest, or (B) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the interest. See Fed. R. Civ. P. 19 (a)."

Plainly, in this instance, plaintiff believed that complete relief can be provided by defendant absent any other person and no other "person" claims an interest relating to the subject of this action such that his/her interest will

be impaired or impeded by his/her absence in this lawsuit.  Nor does his/her absence leave defendant at "substantial risk" of incurring "double, multiple or otherwise inconsistent" obligations.  This should end the court's inquiry as no other party is a necessary party here.

Second, should the court "make[s] a threshold determination that a party is necessary under Rule 19(a)," it must determine whether joinder of the absent party is "not feasible for jurisdictional or other reasons." *Viacom*, 212 F.3d at 725; see also Fed. R. Civ. P. 19(b). "If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." See, Fed. R. Civ. P. 19 (b).

Defendant Rynkewicz has provided the court no information relevant to this issue, instead, claiming an entitlement to dismissal of the suit rather than the joinder of any other "necessary" party.

"In determining that adding a necessary party is NOT feasible, a court must consider the following factors to determine whether dismissal is proper: (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties; (2) the extent to which any prejudice could be lessened or avoided by: (A) protective provisions in the judgment; (B) shaping the relief; or (C) other measures; (3) whether a judgment rendered in the person's absence would be adequate; and ( 4) whether the

7

plaintiff would have an adequate remedy if the action were dismissed for non-joinder." <u>See</u>, Fed. R. Civ. P. 19 (b).

Defendant does not discuss these alternatives for good reason. There is no chance that a judgment rendered absent third parties here would prejudice them or him, particularly where defendant fails to implead any such third party; a judgment in the absent person's interest will necessarily be adequate [according to the plaintiff who shaped the lawsuit before his passing] and plaintiff would have no adequate remedy if the matter was dismissed for non-joinder.

"The language of Rule 19(b) leaves the district court with "substantial discretion in considering which factors to weigh and how heavily to emphasize certain considerations in deciding whether the action should go forward in the absence of someone needed for a complete adjudication of the dispute." *Envirotech Corp. v. Bethlehem Steel Corp.*, 729 F. 2d 70, 75 (2d Cir. 1984) (internal quotation marks omitted). Here, the district court need not reach this issue as no person outside those named is required for a complete adjudication of this dispute between Bingham's estate and Rynkewicz.

Defendant seems to suggest [Brief at 10] that an absent person would somehow be prejudiced if the matter were resolved without him/her. To the extent this is a reference to other Corrections Officers, defendant does not explain how their absence could prejudice them. Plaintiff has chosen not to sue them and if defendant does not implead them, they will certainly not have

8

any interest impaired or impeded.  They will not be parties and no juridical interest of any of them will be compromised.  No such person will be required to pay funds.

In this litigation, Bingham has not asserted that officers other than Bingham caused his injuries.  Likewise, while Bingham may have been able to assert a failure to intervene claim, he chose not to do so and focused on the person who he saw brutally attack him, defendant Rynkewicz.

**CONCLUSION**

There is no warrant or basis to dismiss plaintiff's claims against the defendant.  To the extent defendant believes in good faith that others are responsible for injuries to plaintiff for which plaintiff is seeking to blame him, he can implead any potentially responsible party, obviating this issue and potentially decreasing his own liability.  If he chooses not to so proceed under F.R.Civ.P. 14, he should not be heard seeking to dismiss plaintiff's claims against him.

Respectfully submitted,

MICHAEL H. SUSSMAN [103324]

SUSSMAN & ASSOCIATES
1 RAILROAD AVENUE, #3
GOSHEN, NY 10924
(845)-294-3991
Counsel for Plaintiff

9