UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ELLEN MARGARET ARMANN
BINGHAM, as Administratix of
the Estate of Kenneth Bingham,

                          **DECISION AND ORDER**

         Plaintiff,

  v.                                     6:16-CV-06829 EAW

R. RYNKEWICZ,

         Defendant.
_____

## INTRODUCTION

Plaintiff Ellen Margaret Armann Bingham ("Plaintiff"), as Administratix of the Estate of Kenneth Bingham ("Bingham"), brings this action pursuant to 42 U.S.C. § 1983, alleging that defendant R. Rynkewicz ("Defendant") violated Plaintiff's Eighth and Fourteenth Amendment rights. (Dkt. 1). Specifically, Plaintiff claims that Defendant struck Bingham more than 20 times and then fabricated official reports about the incident. (*Id.* at ¶¶ 8,16). Presently before the Court is Defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(7). (Dkt. 23). For the following reasons, Defendant's motion is denied.

## BACKGROUND

The following facts are taken from the Complaint. The Court treats Plaintiff's factual allegations as true as is required on a motion to dismiss.

Bingham was a prisoner incarcerated in the Regional Medical Unit at the Wende Correctional Facility ("Wende"). (Dkt. 1 at ¶ 1). He was paraplegic and bound to a wheelchair. (*Id.* at ¶ 7). Defendant was employed by the State of New York as a correctional officer at Wende at all times relevant to the instant action. (*Id.* at ¶ 2).

On August 13, 2016, Defendant struck Bingham from behind, punching Bingham more than 20 times on his head, neck, and left side of his face, and causing Bingham to fall out of his wheelchair. (*Id.* at ¶ 8). While striking Bingham, Defendant exclaimed, "I'm going to kill you, motherfucker." (*Id.* at ¶ 10). Bingham suffered from multiple fractures, including of the orbital wall and floor of his left eye and other skull and facial bones, as well as a broken rib. (*Id.* at ¶¶ 9, 12). Bingham also suffered from vision problems and nerve damage to his face. (*Id.* at ¶ 13). As a result of these injuries, Bingham underwent several surgical procedures and medical treatments. (*Id.* at ¶¶ 14-15).

After the assault, Defendant fabricated reports about the incident, claiming that Bingham spit at and attempted to hit Defendant. (*Id.* at ¶ 16). As a result, Bingham was sanctioned and assigned to a solitary confinement unit. (*Id.* at ¶¶ 18-19). Bingham appealed the disciplinary charges imposed on him, and they were subsequently dismissed and erased from his record. (*Id.* at ¶ 20).

Bingham filed this lawsuit on December 19, 2016. (Dkt. 1). He passed away on September 29, 2017 (Dkt. 14), and Plaintiff was substituted for Bingham in this matter on June 25, 2018 (Dkt. 28).

Defendant filed the instant motion on June 6, 2018. (Dkt. 23). Plaintiff responded to the motion on June 12, 2018 (Dkt. 26), and Defendant replied on June 20, 2018 (Dkt. 27).

## DISCUSSION

### I. Legal Standard

Fed. R. Civ. P. 12(b)(7) provides a party may assert as a defense to a claim for relief that the plaintiff failed to join a required party pursuant to Fed. R. Civ. P. 19. "In determining whether an action should be dismissed for nonjoinder, the court ... must initially determine whether the party should be joined as a 'necessary party' under Rule 19(a)." *ConnTech Dev. Co. v. Univ. of Conn. Educ. Props., Inc.*, 102 F.3d 677, 681 (2d Cir. 1996). If the party is found to be necessary, "the court must proceed to the second step of the indispensable party analysis, which requires it to assess [under Rule 19(b)] whether or not, in equity and good conscience, the action should proceed in the necessary party's absence." *Associated Dry Goods Corp. v. Towers Fin. Corp.*, 920 F.2d 1121, 1124 (2d Cir. 1990). "Unless Rule 19(a)'s threshold standard is met, the court need not consider whether dismissal under Rule 19(b) is warranted." *Id.* at 1123.

When determining whether a party is necessary under the first prong of the joinder analysis, Rule 19(a)(1) provides:

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial

risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1). "Federal courts are extremely reluctant to grant motions to dismiss based on nonjoinder and, in general, dismissal will be ordered only when the defect cannot be cured and serious prejudice or inefficiency will result." *Am. Trucking Ass'n, Inc. v. N.Y.S. Thruway Auth.*, 795 F.3d 351, 357 (2d Cir. 2015) (quoting 7 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1609 (3d ed. 2015)).

## II. Defendant's Motion to Dismiss Pursuant to 12(b)(7)

Defendant contends that other officers were involved in the alleged assault against Bingham, and that those officers are necessary parties to this action.[1] (Dkt. 23-2 at 11-12). Defendant argues that Bingham testified under oath[2] that other officers, especially Officer Petties, were responsible for the injuries suffered during the alleged assault. (*Id.* at 5-7, 12). Therefore, Defendant posits, if those officers are not named as parties in this lawsuit, Defendant "is left with a substantial risk of incurring double, multiple or otherwise inconsistent obligations," and the interests of the other officers will be left unprotected. (*Id.* at 12). The Court finds Defendant's argument unpersuasive.

---

[1] "Matters outside the pleadings may be considered in ruling on a Rule 12(b)(7) motion." *Circle Indus., Div. of Natasi-White, Inc. v. City Fed. Sav. Bank*, 749 F. Supp. 447, 457 n.2 (E.D.N.Y. 1990), *aff'd*, 931 F.2d 7 (2d Cir. 1991).

[2] After the incident described in Plaintiff's allegations took place, Bingham testified about it at arbitration hearings held pursuant to Defendant's Labor Relations Agreement and the Expedited Disciplinary Rules administered by the State of New York. (Dkt. 23-2 at 3).

Complete relief can be accorded among the parties to this lawsuit as is required by Rule 19(a)(1). "Rule 19(a)(1) is concerned only with those who are already parties." *MasterCard Intern. Inc. v. Visa Intern. Serv. Ass'n, Inc.*, 471 F.3d 377, 385 (2d Cir. 2006). Plaintiff alleges that only Defendant was responsible for Bingham's injuries (Dkt. 1 at ¶¶ 8-20); the other officers that Defendant purports were involved in the incident are not even mentioned in Plaintiff's allegations, let alone implicated. *See MasterCard*, 471 F.3d at 385 ("[The plaintiff] can obtain complete relief *as to [the defendant]* without [the non-party]'s presence in the case."); *McDougal v. State Univ. of N.Y. Downstate Med. Ctr., Long Island Coll. Hosp.*, No. 12 Civ. 2018 (ILG)(MDG), 2013 WL 1437616, at *5 (E.D.N.Y. Apr. 9, 2013) ("Because plaintiff's lawsuit against defendant does not implicate [the non-party], [the non-party] is not a necessary party under either of the two prongs of Rule 19(a). . . .").

Moreover, Plaintiff demands relief only from Defendant based on Defendant's own conduct, not based on the actions of others. (Dkt. 1 at ¶¶ 23-24); *see Local 1180, Commc'ns Workers of Am., AFL-CIO v. City of New York*, 318 F. Supp. 3d 672, 679 (S.D.N.Y. 2018) ("If [the plaintiff] prevails, she will obtain relief directly against the [defendants], *i.e.*, an existing party-defendant, whether or not [the non-party] is a party. Thus, [the d]efendants have not shown that [the non-party] is a required party."); *Cont'l Kraft Corp. v. Euro-Asia Dev. Grp., Inc.*, No. 97 CV. 0619, 1997 WL 642350, at *7 (E.D.N.Y. Sept. 8, 1997) ("[The plaintiff] demands relief only from [the defendant] based on [the defendant]'s own conduct. If [the plaintiff] proves its case, it will be able to recover all the damages it seeks from [the defendant]."). While not joining the other corrections

officers as parties could make it more challenging for Defendant to present his theory of the case, that potential difficulty will not prevent Defendant from presenting a legitimate defense, nor will it keep the relief Plaintiff seeks from being accorded to her. *See Evergreen Marine Corp. v. Welgrow Intern. Inc.*, 942 F. Supp. 201, 206 (S.D.N.Y. 1996) ("[The defendant] . . . will not be precluded from proving any of its legitimate defenses. Although [the non-party's] presence might make it easier for [the defendant] to press its theory . . . these potential difficulties of proof do not prevent complete relief from being accorded.").

Additionally, the other corrections officers are not necessary under Rule 19(a)(1)(B). To the Court's knowledge, the other corrections officers have not claimed an interest relating to the subject of this action, and Defendant's attempt to assert such an interest on their behalf is not sufficient to satisfy Rule 19(a)(1)(B). *See Peregrine Myanmar Ltd. v. Segal*, 89 F.3d 41, 49 (2d Cir. 1996) ("[The defendant]'s attempt to assert on behalf of the [non-party] its supposed concern about the dilution of its interest . . . falls outside the language of the rule. It is the absent party that must claim an interest." (quotation omitted)).

Even if the other corrections officers did claim an interest in this litigation, they would still not meet Rule 19(a)(1)(B)(i)'s requirements because they cannot establish that their interests would be impaired by their absence. If Plaintiff does bring an action against any of the other corrections officers, she will have to establish their liability in that lawsuit regardless of the outcome in this one. *See McDougal*, 2013 WL 1437616, at *5 ("[I]f [the non-party] is not joined in this action and plaintiff sues [the non-party] in a subsequent

action, plaintiff will need to establish [the non-party]'s liability independent of his proof of defendant's liability."). Additionally, "a finding by the Court in this action will not bind [the corrections officers] in a later action." *Id.*; *see Evergreen*, 942 F. Supp. at 206 ("Any finding in this Court that [the defendant] is not liable because [the non-party] is solely liable for the detention charges will not constitute *res judicata* against [the non-party], since [the non-party] is not a party to this case.").

Moreover, Defendant is not at risk of incurring inconsistent obligations pursuant to Rule 19(a)(1)(B)(ii). "Inconsistent obligations occur when a party is unable to comply with one court's order without breaching another court's order concerning the same incident." *Gibbs Wire and Steel Co., Inc. v. Johnson*, 255 F.R.D. 326, 330 (D. Conn. 2009) (quoting *Yamaha Motor Corp. v. Ferrarotti*, 242 F.R.D. 178, 184 n.4 (D. Conn. 2007)). The doctrine of *res judicata* would protect Defendant from being named as a defendant in any subsequent lawsuit regarding the events alleged in Plaintiff's Complaint. *See, e.g., Irish Lesbian and Gay Org. v. Giuliani*, 143 F.3d 638, 644 (2d Cir. 1998) ("Res judicata bars litigation of any claim for relief that was available in a prior suit between the same parties or their privies. . . .").

Additionally, if Plaintiff were to bring a lawsuit against the other corrections officers before the instant lawsuit is resolved, a finding regarding Defendant's conduct in an action where Defendant is not a party would not bind Defendant in the instant action because Defendant would not incur liability from such an adjudication. *See In re M. Fabrikant & Sons, Inc.*, 394 B.R. 721, 745 (S.D.N.Y. 2008) ("The 'multiple liability' clause is intended to protect the defendant against inconsistent obligations, not inconsistent adjudications.");

*Evergreen*, 942 F. Supp. at 206 ("Rule 19 does not protect a party from logically inconsistent *results*, only inconsistent *obligations*." (emphasis added)).

Moreover, if the corrections officers in the other hypothetical lawsuit moved to implead Defendant for contribution, Defendant would likely not face liability, and consequently could not face a competing obligation. While the Second Circuit has not yet weighed in on the issue, the overwhelming majority of courts in this Circuit and others have found that there is no right to contribution in lawsuits brought pursuant to § 1983.[3] *See, e.g., Crews v. County of Nassau*, 612 F. Supp. 2d 199, 213 (E.D.N.Y. 2009) ("[A]lthough there is no binding precedent on the issue, this Court agrees with the clear majority of courts that, in general, permitting a right of contribution under Section 1983 would conflict with the policies underlying the statute and is, therefore, inapplicable to defendants in Section 1983 actions."); *Mason v. City of New York*, 949 F. Supp. 1068, 1079 (S.D.N.Y. 1996) ("[C]ontribution among joint tortfeasors in Section 1983 cases would conflict impermissibly with the statutory goal of deterrence. . . ."). In any event, "the speculative possibility of future litigation as between [Plaintiff] and [the other corrections

---

[3] Plaintiff suggests that if Defendant would like the other corrections officers to be parties to this litigation, he may implead them as third-party defendants pursuant to Fed. R. Civ. P. 14. (Dkt. 26 at 4-5). While the Court's research has found no binding precedent in this Circuit as to the contribution issue, whether impleading the other corrections officers would be beneficial for Defendant in this case is unclear in light of the weight of the case law regarding contribution in § 1983 cases. Regardless, if Defendant is unable to bring a contribution action, that does not make the other corrections officers necessary parties. Plaintiff has alleged that only Defendant is responsible for the injuries to Bingham as was discussed previously in this Decision and Order. *See McDougal*, 2013 WL 1437616, at *5 ("Because plaintiff's lawsuit against defendant does not implicate [the non-party], [the non-party] is not a necessary party under either of the two prongs of Rule 19(a). . . .").

officers] . . . furnishes no basis for compulsory joinder." *Health-Chem Corp. v. Baker*, 915 F.2d 805, 810 (2d Cir. 1990).

Accordingly, the other corrections officers are not necessary parties under Fed. R. Civ. P. 19(a), and the Court denies Defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(7).

## **CONCLUSION**

For the foregoing reasons, Defendant's motion to dismiss (Dkt. 23) is denied.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated: January 22, 2019
       Rochester, New York