UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ELLEN MARGARET ARMANN
BINGHAM, as Administratix of
the Estate of Kenneth Bingham,

               Plaintiff,

     v.

R. RYNKEWICZ,

               Defendant.

_____

**ORDER**

6:16-CV-06829 EAW

     Kenneth Bingham ("Bingham"), represented by counsel, filed this action pursuant to 42 U.S.C. § 1983 on December 19, 2016. (Dkt. 1). He passed away on September 29, 2017 (Dkt. 14), and plaintiff Ellen Margaret Armann Bingham ("Plaintiff"), as Administratix of the Estate of Kenneth Bingham, was substituted for Bingham in this matter on June 25, 2018 (Dkt. 28). On July 11, 2019, Plaintiff's counsel filed a motion to withdraw as the attorney for the estate. (Dkt. 50). United States Magistrate Judge Marian W. Payson granted counsel's motion and ordered Plaintiff to retain another attorney within 45 days. (Dkt. 54). The order also advised Plaintiff "that failure to retain another attorney . . . may result in a default judgment against the estate because the general rule in federal court forbids representative parties, such as guardians or executors, from appearing *pro se*." (*Id.* at 1). Judge Payson granted Plaintiff an extension of time until November 13, 2019, to retain an attorney (Dkt. 57), which Plaintiff failed to do. On November 9, 2019, Plaintiff mailed a letter to Judge Payson stating, "I can't find anyone who will take this case," and asking, "can you please stop this lawsuit." (Dkt. 58 at 1).

- 1 -

"Rule 41(b) of the Federal Rules of Civil Procedure authorizes the district court to dismiss an action when a plaintiff fails to comply with 'any order of the court.'" *Lucas v. Miles*, 84 F.3d 532, 534-35 (2d Cir. 1996) (quoting Fed. R. Civ. P. 41(b)).

> A district court considering a Rule 41(b) dismissal must weigh five factors: (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (quotation omitted).

In the instant matter, Plaintiff has failed to comply with Judge Payson's order for more than 30 days. Additionally, Plaintiff has indicated that her failure to comply will last indefinitely because she "can't find anyone who will take this case." (Dkt. 58 at 1). Moreover, Judge Payson's order put Plaintiff on notice that Plaintiff's failure to comply could result in a default judgment. (Dkt. 54 at 1). While Defendant has not pointed to any prejudice he would likely suffer by further delay in the proceedings (*see* Dkt. 60), Plaintiff has indicated that she does not have an interest in proceeding with the lawsuit (Dkt. 58 at 1), meaning that the Court's interest in managing its docket outweighs Plaintiff's interest in receiving a fair chance to be heard. Finally, the Court has considered other sanctions, but given that Plaintiff cannot represent the estate *pro se*,[1] has not retained an attorney, and

---

[1]     The Second Circuit has held that an administrator of an estate can appear *pro se* on behalf of the estate, but only when the administrator is the "sole beneficiary of an estate with no creditors." *Guest v. Hansen*, 603 F.3d 15, 21 (2d Cir. 2010). In the instant matter, the record does not show that Plaintiff is either the sole beneficiary of Bingham's estate or that the estate has no creditors.

has not moved for the appointment of counsel or expressed an interest in doing so, the Court finds dismissal is the appropriate sanction. *See Schaut v. D.H.H.S.*, No. 6:14-CV-0910, 2015 WL 4391277, at *4 (N.D.N.Y. July 14, 2015) (dismissing complaint where plaintiff did not show she could represent estate *pro se*); *Vandermark v. County of Montgomery*, No. 6:11-CV-0090 TJM/DEP, 2012 WL 7160109, at *4 (N.D.N.Y. Dec. 13, 2012), *report and recommendation adopted*, No. 6:11-CV-0090, 2013 WL 623297 (N.D.N.Y. Feb. 19, 2013) (recommending dismissal where "[t]he plaintiff has also been specifically notified that, unless she is the sole beneficiary of the estate . . ., with no other beneficiaries or potential creditors, she must appear through counsel, rather than represent the estate *pro se*" but still "failed to secure new counsel or respond to the court's show cause order" (footnote omitted)).

For the foregoing reasons, the Court dismisses the Complaint pursuant to Federal Rule of Civil Procedure 41(b) without prejudice. The Clerk of Court is instructed to enter judgment in favor of Defendant and close this case.

SO ORDERED.

ELIZABETH A. WOLFORD
United States District Judge

Dated: December 16, 2019
      Rochester, New York